UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CV-00050-FDW-SCR

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) JOHN M. CAVES, JR., ) ) Defendant. ) | ORDER |

**THIS MATTER** is before the Court on the Motion to Intervene (the "Motion") filed by Proposed Plaintiff-Intervenor Cole Hayes, in his capacity as the Chapter 7 Trustee of the bankruptcy estate of Advanced Development Concepts, LLC (the "ADC Chapter 7 Trustee"). (Doc. No. 16).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration. Having considered the arguments, record, and applicable authority the Court will grant the Motion to Intervene.[1]

---

[1] The weight of authority suggests a motion to intervene is non-dispositive and appropriate for the undersigned to enter a standard order. See, e.g., Reynolds v. United States Gov't, No. 7:22-CV-00178-FL, 2023 WL 5826904, at *3 n.6 (E.D.N.C. May 4, 2023) (issuing order on motion to intervene and collecting cases noting motions to intervene are non-dispositive); EEOC v. N. Ga. Foods, Inc., No. 1:22-cv-00049-MOC-WCM, 2022 WL 1110348, at *1 n.1 (W.D.N.C. Apr. 13, 2022) (granting motion to intervene and noting by citation that a motion to intervene is a non-dispositive motion); United States v. Duke Energy Corp., No. 1:00CV1262, 2009 WL 10717776, at *2 (M.D.N.C. Jan. 30, 2009) ("A motion to intervene is a non-dispositive motion"); Bell v. Am. Int'l Indus., No. 1:17CV111, 2021 WL 2377086, at *1-2 (M.D.N.C. June 10, 2021) (applying clearly erroneous standard to objection to Magistrate Judge's order denying motion to intervene); Diagnostic Devices, Inc. v. Taidoc Tech. Corp., 257 F.R.D. 96 (W.D.N.C. Mar. 19, 2009) (granting

# I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 7, 2022, Plaintiff North American Specialty Insurance Company ("Plaintiff" or "NASIC") filed this action against Defendant John M. Caves, Jr. ("Defendant" or "Caves"). (Doc. No. 1). In short, the Complaint alleges that Defendant Caves breached a general indemnity agreement (the "Indemnity Agreement") that he executed in order for Plaintiff NASIC to execute or procure the execution of surety bonds on behalf of Advance Development Concepts, LLC ("ADC"), an entity owned by Caves. (Doc. No. 1 ¶¶ 5-6). Under the Indemnity Agreement, Defendant, and other indemnitors, agreed to jointly and severally, among other things "exonerate, hold harmless and indemnify the [Plaintiff NASIC] from and against any and all Loss." (Doc. No. 1-1 ¶ 2). In addition to Defendant Caves, both ADC and Carolinas Home and Land Investments Company ("CHLI"), entities owned by Defendant Caves, also signed the Indemnity Agreement as indemnitors. (Id. at 5-6). According to the Complaint, in reliance on the Indemnity Agreement, Plaintiff NASIC provided certain payment and performance bonds naming ADC as Principal (the "ADC Bonds"). (Doc. No. 1 ¶ 13). Afterwards, Plaintiff received various claims on the ADC Bonds for which Plaintiff paid at least $6,482,646.97, plus additional expenses and fees. (Id. ¶¶ 15-18). Plaintiff claims that it has not been indemnified. (Id. ¶ 23).

Defendant Caves failed to answer or otherwise respond to the Complaint. Thereafter, the Clerk of Court entered default, and Plaintiff filed a motion for default judgment against Caves,

---

of motion to intervene by the Magistrate Judge); Travelers Indem. Co. of Am. V. S.E. Stewart, Inc., No. 1:19-CV-227-DCK, 2020 WL 4584243 (W.D.N.C. Aug. 10, 2020) (same); Coleman v. Lab. & Indus. Review Comm'n of Wis., 860 F.3d 461, 474 (7th Cir. 2017) ("A magistrate judge can therefore rule on a motion to intervene filed by an unnamed class member, both because that person is not yet a party, and such a motion in any event is nondispositive.").

[2] The factual and procedural background set forth herein is solely for the purposes of considering the Motion to Intervene. The Court makes no factual findings for purposes of the ultimate claim or entitlement to the Funds.

which is currently pending. (Doc. Nos. 12 & 14). Plaintiff's motion for default judgment, among other things, requests that the Court order disbursement of funds ("Funds") that were deposited in and remain in the Court's registry, as discussed below, to satisfy a portion of any default judgment entered. (Doc. No. 14 ¶ 7). After Plaintiff filed its motion for default judgment, Proposed Plaintiff-Intervenor ADC Chapter 7 Trustee filed a limited objection to the extent the motion for default judgment requests an order disbursing such Funds to the Plaintiff. (Doc. No. 15). The ADC Chapter 7 Trustee also filed the Motion to Intervene claiming an interest in the Funds in the Court's registry, and seeking a declaratory judgment and release of such Funds to the ADC Chapter 7 Trustee. (Doc. Nos. 16 & 16-1).

In considering the Motion to Intervene, the Court must also delve into the history of related cases and litigation in the Bankruptcy Court. As relevant here, prior to this action, in June 2020, CHLI, as noted an entity owned by Defendant Caves, filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Western District of North Carolina, Bankruptcy Case No. 20-30619 (the "CHLI Bankruptcy Case"). (Doc. No. 16-1 ¶ 22; Doc. No. 16-2 ¶ 1). Plaintiff NASIC filed a proof of claim in the CHLI Bankruptcy Case for over $30 million based on the Indemnity Agreement. (Doc. No. 16-1 ¶ 23; Doc. No. 16-2 ¶¶ 4-6). Afterward, among other things, CHLI filed an adversary proceeding against Plaintiff NASIC to further litigate matters relating to Plaintiff NASIC's claim against CHLI's bankruptcy estate (the "Adversary Proceeding"). (Doc. No. 16-1 ¶¶ 25-27; Doc. No. 16-2 ¶ 9). During the course of the Adversary Proceeding, Defendant filed this action against Defendant Caves. (Doc. No. 16-1 ¶ 27; Doc. No. 16-2 ¶ 14; Doc. No. 1). Ultimately, based on agreement of the parties in the Adversary Proceeding, the Bankruptcy Court found:

> The parties recognize [Plaintiff NASIC] is seeking recovery in the Lawsuit from Mr. Caves and that after payment of the other unsecured creditors and allowed

> administrative expense claims in the Debtor's bankruptcy case, Mr. Caves is the only party who would benefit from a finding that there was a fraudulent transfer rendering [Plaintiff NASIC's] claim unenforceable. Accordingly, it is best left to the District Court to determine whether Mr. Caves holds rights or defenses against [Plaintiff NASIC] or whether [Plaintiff NASIC] is entitled to recover from Mr. Caves any distribution he might receive as owner of the Debtor.

(Doc. No. 16-1 ¶ 27; Doc. No. 16-2 ¶ 15). In the same Order, the Bankruptcy Court approved a settlement agreement between CHLI and Plaintiff NASIC, with no objection by Defendant Caves, in which, among other things, CHLI agreed to pay in full all administrative claims and allowed general unsecured claims, except Plaintiff NASIC's claim, which was subordinated to all other allowed claims, and the remaining CHLI bankruptcy estate funds were to be placed in this Court's Registry Investment System as "Disputed Ownership Funds." (Doc. No. 16-1 ¶ 28; Doc. No. 16-2 ¶ 17); see also LCvR 67.1. CHLI and NASIC consented to dismissal of the Adversary Proceeding, but "all claims against the Debtor's estate shall be satisfied in full, provided that the claims, rights, and defenses of all parties to the Lawsuit are reserved without prejudice." (Doc. No. 16-2 ¶ 17). Accordingly, in June 2022, funds in the amount of $867,522.23 were deposited into the Court's Registry Investment System (the "Funds"). These are the Funds that Plaintiff NASIC requests the Court order disbursed to NASIC to partially satisfy any default judgment entered, and as discussed below, are also the Funds that the ADC Chapter 7 Trustee claims an interest in. (Doc. Nos. 14 & 15).

Contemporaneously with the above, on February 5, 2021, ADC filed a Chapter 7 bankruptcy petition in this District, case number 21-30060 (the "ADC Bankruptcy Case"). (Doc. No. 16-1 ¶ 24). Proposed Plaintiff-Intervenor is the Chapter 7 trustee in the ADC Bankruptcy Case. (Id. ¶ 1). In the ADC Bankruptcy Case, the ADC Chapter 7 Trustee claimed that Defendant Caves owed the bankruptcy estate at least $775,000. (Doc. No. 16-1 ¶ 29). In early 2023, to resolve such claims, the ADC Chapter 7 Trustee and Defendant Caves entered into a settlement

agreement whereby Defendant Caves agreed to execute a confession of judgment in the amount of $685,000 in exchange for the ADC Chapter 7 Trustee agreeing not to execute on Defendant Cave's primary residence. (Id. ¶ 31). As a result, the Bankruptcy Court entered judgment in favor of the ADC Chapter 7 Trustee against Defendant. (Id.). On May 16, 2023, a Consent Charging Order[3] "against the economic interest of Caves in [CHLI]" was entered in the Mecklenburg County Superior Court in the amount of $685,000, plus interest and fees and expenses. (Doc. No. 16-4; Doc. No. 16-1 ¶ 34). On May 26, 2023, the ADC Chapter 7 Trustee filed a UCC Financing Statement giving notice of the Consent Charging Order and his asserted lien rights to Defendant Caves' economic interest in CHLI. (Doc. No. 16-1 ¶ 36; Doc. No. 16-10).

## II. DISCUSSION

### A. Intervention Of Right

Federal Rule of Civil Procedure 24(a) provides in relevant part:

On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

---

[3] Pursuant to N.C. Gen. Stat. § 57D-5-03:

(a) On application to a court of competent jurisdiction by any judgment creditor of an interest owner, the court may charge the economic interest of an interest owner with the payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the right to receive the distributions that otherwise would be paid to the interest owner with respect to the economic interest.

(b) A charging order is a lien on the judgment debtor's economic interest to the extent provided in this section from the time that such charging order is served upon the LLC in accordance with Rule 4(j)(8) of the Rules of Civil Procedure. If more than one charging order is properly served upon the LLC with respect to an economic interest, the liens shall have priority in the order in which the charging orders were served, except that a charging order in favor of a judgment creditor that has previously delivered to the LLC garnishment process relating to an economic interest pursuant to G.S. 1-440.25 shall relate back to the date of service of the garnishment process.

> impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Where a movant seeks intervention as of right under Rule 24(a), the movant must meet four requirements: "(1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." Scott v. Bond, 734 Fed. App'x 188, 191 (4th Cir. 2018). "The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "The decision to grant or deny a motion to intervene is within the sound discretion of the district court, and its decision will not be disturbed on appeal unless there is an abuse of discretion." Nesser v. MAC Acquisition LLC, No. 3:20-cv-00389-FDW-DCK, 2021 WL 2636743, at *2 (W.D.N.C. June 25, 2021).

1. **Timeliness**

"Timeliness is a central consideration when deciding a motion to intervene, and a movant's failure to seek intervention in a timely manner is sufficient to justify denial of such motion." Scott, 734 Fed. App'x at 191-92. "Rule 24 is silent as to what constitutes a timely application and the question must therefore be answered in each case by the exercise of the sound discretion of the court." Black v. Cent. Motor Lines, Inc., 500 F.2d 407, 408 (4th Cir. 1974); Green v. Bartlett, No. 5:08–CV–088–GCM, 2010 WL 2812859, at *1 (W.D.N.C. July 15, 2010). "Three factors are important in deciding whether an application is timely: (1) how far the suit has progressed, (2) the prejudice that delay might cause other parties, (3) and the reason for the tardiness in moving to intervene." Id. (citing Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989)); Diagnostic Devices, Inc., 257 F.R.D. at 98.

In its response, NASIC does not argue that the Motion to Intervene is untimely nor does the Court find it to be untimely. While the case has been pending since February 2022, it is still in the

early stages of the proceeding due in part to difficulties Plaintiff faced in serving Defendant, and Defendant's default thereafter. (Doc. Nos. 7 & 12). In addition, the timeliness of the Motion to Intervene does not prejudice the other parties since the ADC Chapter 7 Trustee does not seek to relitigate issues in this case. Instead, he asks the Court to resolve who has superior rights in the Funds before ordering their disbursement. The Funds were deposited into the Court's registry as "Disputed Ownership Funds" for this purpose, albeit as to Defendant Caves rather than the ADC Chapter 7 Trustee. Finally, the Motion to Intervene was filed less than a month after Plaintiff's motion for default judgment was filed wherein Plaintiff requested that the Funds be disbursed to it. (Doc. No. 16 ¶ 7); Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 (4th Cir. 1984) ("Although intervention did not occur until after entry of the default judgment, the trustee had no need to intervene until that time.").

### 2. Interest in the Litigation

"While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that what is obviously meant . . . is a significantly protectable interest." Teague v. Bakker, 931 F.2d 259, 261 (4th Cir. 1991) (citations omitted). An interest contingent on the outcome of other litigation is sufficient for an interest under Rule 24(a)(2). Id. Where the proposed intervenors "stand to gain or lose by the direct legal operation of the district court's judgment" such intervenors have a significantly protected interest. Id.; Nesser, 2021 WL 2636743, at *3; GMAC Mortg., LLC v. Flick Mortg. Invs., Inc., No. 3:09–cv–125–RJC–DSC, 2011 WL 841409, at *1 (W.D.N.C. Mar. 7, 2011).

Here, the ADC Chapter 7 Trustee has demonstrated a significantly protectable interest in the litigation. The ADC Chapter 7 Trustee asserts that he maintains a first-priority lien on Defendant Cave's economic interest in CHLI, and therefore he has a superior interest in the Funds,

which are the "last known possible asset for liquidation." (Doc. No. 18 at 7). The Funds are deposited with the Court as "Dispute Ownership Funds," for the Court to determine who is entitled to the Funds, including specifically "whether Mr. Caves holds rights or defenses against [Plaintiff NASIC] or whether [Plaintiff NASIC] is entitled to recover from Mr. Caves any distribution he might receive as owner of the Debtor." (Doc. No. 16-2 ¶ 15). The Plaintiff NASIC asks the Court to enter an order disbursing those Funds to Plaintiff for the purpose of partially satisfying any default judgment entered in its favor. (Doc. No. 14). Thus, the ADC Chapter 7 Trustee stands to "gain or lose by the direct legal operation of [this Court's] determination" as to whom the Funds should be disbursed. Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 (4th Cir. 1984) (concluding bankruptcy court did not err when it permitted trustee to intervene in interpleader action filed by obligor of surety bond and depositing bond proceeds because the trustee "as primary representative of unsecured creditors, had a sufficient interest in the fund, by virtue of its relationship to outstanding unsecured claims, to justify his intervention."); Midland Nat'l Life Ins. Co. v. Wilkes, No. 1:19-CV-772, 2020 WL 429206, at *3 (M.D.N.C. Jan. 28, 2020) (concluding proposed intervenor had an interest in the subject matter of an interpleader action because it had an interest in its ability to recover funds assigned to proposed intervenor by one claimant/defendant in the interpleader action); GMAC Mortg., LLC, 2011 WL 841409, at *1 (concluding mortgage company had interest in litigation where it was a judgment creditor against the plaintiff arising from transactions related to the litigation and plaintiff was insolvent and could no longer pursue action); John v. Sotheby's, Inc., 141 F.R.D. 29, (S.D.N.Y. 1992) (concluding proposed intervenor had "direct and protectable interest in [an interpleader] action" where he claimed ownership of the painting that was the object of the litigation); For Senior Help, LLC v. Westchester Fire Ins. Co.,

515 F. Supp. 3d 787, 807-810 (granting bankruptcy trustee's motion to intervene where bad faith claim belonged to bankruptcy estate).

Plaintiff NASIC's opposition to the ADC Chapter 7 Trustee's Motion to Intervene centers around its argument that the ADC Chapter 7 Trustee does not have a superior interest in the Funds for various reasons. (Doc. No. 25 at 2). Plaintiff's arguments hinge on substantive legal arguments as to why it has priority over the ADC Chapter 7 Trustee in the Funds. The Court recognizes Plaintiff's arguments and Plaintiff will have the opportunity to make these arguments at the appropriate time. For purposes of this factor, the Court is tasked with determining whether the ADC Chapter 7 Trustee has a significantly protectable interest, even if contingent, "in the litigation." Scott, 734 Fed. App'x at 191; Prot. Life Ins. Co. v. Jacobs, No. 8:22-cv-1866-CEH-CPT, 2023 WL 4145825, at *5 (M.D. Fla. June 23, 2023) ("[A] motion to intervene is not the appropriate forum for a substantive adjudication of the merits of a claim."). As discussed above, the Court finds that the ADC Chapter 7 Trustee has demonstrated a significantly protectable interest in the litigation for purposes of his Motion to Intervene.[4]

### 3. Risk the Interest Will Be Impaired

"The third requirement for intervention of right requires a showing that 'disposition of the action may practically impair or impede the movant's ability to protect [its] interest.'" Maxum Indem. Co. v. Biddle Law Firm, PA, 329 F.R.D. 550, 555 (D.S.C. 2019) (quoting Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir. 1981)). Here, if the ADC Chapter 7 Trustee is not able to intervene, then the ADC Chapter 7 Trustee will

---

[4] For the sake of clarity, in making this finding, the Court does not make any findings or conclusions as to any substantive arguments made by Plaintiff NASIC in its response to the Motion to Intervene nor does it otherwise make any findings or conclusions or otherwise opine on any parties' positions with respect to their rights to the Funds.

be forced to claim his interest in the Funds through another lawsuit, with a potential different or conflicting judgment than any judgment entered by this Court. The ADC Chapter 7 Trustee may ultimately have no ability to claim its interest in the Funds or collect its interest in the funds, particularly if this Court orders the Funds be disbursed to Plaintiff to partially satisfy a judgment. Therefore, the disposition of this action, including disbursement of the Funds to Plaintiff as requested in the motion for default judgment, would impair or impede the ADC Chapter 7 Trustee's ability to protect its claimed interest in the Funds.

### 4. Inadequate Representation of Interest

Finally, a party seeking to intervene as of right must demonstrate inadequate representation of its interest by the existing parties in the litigation by showing "that representation of its interest 'may be' inadequate." United Gaur. Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y, 819 F.2d 473, 475 (4th Cir. 1987) (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538-39 (1972)). The burden to make this showing "should be treated as 'minimal.'" Id. Here, the ADC Chapter 7 Trustee's interest in the Funds is not adequately represented by Defendant Caves, who has defaulted in this action and has not otherwise responded to Plaintiff NASIC's motion for default judgment seeking disbursement of the Funds to satisfy any default judgment the Court awards. In addition, Plaintiff's interests directly compete with the ADC Chapter 7 Trustee's interests in the Funds. Accordingly, the ADC Chapter 7 Trustee has demonstrated that its interest in the Funds may be inadequately represented by the existing parties.

### B. Permissive Intervention

The Court observes that the ADC Chapter 7 Trustee's memorandum in support of his Motion to Intervene argues for his intervention as of right under Federal Rule of Civil Procedure 24(a)(2). (Doc. No. 18). However, his Motion to Intervene cites to Federal Rule of Civil Procedure

24(b). (Doc. No. 16). To the extent the ADC Chapter 7 Trustee seeks permissive intervention under Rule 24(b), the Court would also find permissive intervention under Rule 24(b) appropriate for the reasons discussed above.

Federal Rule of Civil Procedure 24(b) allows a court to permit "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); Scott v. Resolve Partners, LLC, 341 F.R.D. 17, 20 (M.D.N.C. 2021). "Typically, a decision to deny permissive intervention under Rule 24(b) 'lies within the sound discretion of the trial court.'" Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003) (quoting Hill v. West. Elec. Co., 672 F.2d 381, 386 (4th Cir.1982)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Where a movant seeks permissive intervention, the movant must meet three requirements: "(1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties." Scott, 341 F.R.D. at 20 (citing League of Women Voters of Va. v. Va. State Bd. of Elections, 458 F. Supp. 3d 460, 463-64 (W.D. Va. 2020) and Carcaño v. McCrory, 315 F.R.D. 176, 178 (M.D.N.C. 2016)). Permissive intervention may be appropriate to "help avoid inconsistent results and promote judicial economy." Diagnostic Devices, Inc., 257 F.R.D. at 98.

As detailed above, the Court has already concluded that the Motion to Intervene is timely. Additionally, for those same reasons, allowing the ADC Chapter 7 Trustee to intervene will not result in undue delay and neither Plaintiff NASIC nor Defendant Caves will be unduly prejudiced. The Funds were deposited into this Court's registry with the understanding that they were "Disputed Ownership Funds," to which any rights would be decided by this Court, including as

between Defendant Caves and Plaintiff. While the ADC Chapter 7 Trustee asserts that he now holds a lien on any interest Defendant Caves had, the parties anticipated that they would litigate their rights in the Funds in this Court. Moreover, allowing the ADC Chapter 7 Trustee will "help avoid inconsistent results and promote judicial economy" by allowing all matters to be resolved in a single forum with a single decision. Diagnostic Devices, Inc., 257 F.R.D. at 98. Finally, the claims that the ADC Chapter 7 Trustee seeks to bring share a common question of law or fact with the main action given that both the Plaintiff and the ADC Chapter 7 Trustee request assert superior rights in and request disbursement of the same Funds.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Motion to Intervene (Doc. No. 16) is **GRANTED**. The ADC Chapter 7 Trustee shall file his pleading in intervention **within seven days** of this Order.

**SO ORDERED**.

Signed: October 19, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge